UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and RB HEALTH (US), LLC a Delaware limited liability company,

Plaintiffs,

v.

SUHAIL BIN RASHID, a/k/a SOHAIL RASHID, an individual; SUMERA SUHAIL, an individual; USA PREP SERVICES INC., a Rhode Island corporation; AMINIA LLC, a Rhode Island limited liability company; AADAM JAWAD, an individual, d/b/a A ShoppingFeast LLC; PRASENJIT GOPE, an individual, d/b/a Gopech Stores LLC; IKHTISHAM UL HAQ, an individual, d/b/a Khateen LLC; RIDA ARIF, an individual; ZAHID UR REHMAN, an individual, d/b/a Rzglobe LLC; ZAMRUD KHAN, an individual, d/b/a ShoppingEmbassy LLC; ADNAN FARAZ, an individual, d/b/a SkyTwilight Store LLC; and DOES 1-10,

Defendants.

No. 2:25-cv-00371

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

## I.    INTRODUCTION

1.    This case involves Defendants' unlawful and expressly prohibited sale of counterfeit health supplements bearing the trademark of RB Health (US), LLC ("Reckitt").

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 1

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") and Reckitt (together with Amazon, "Plaintiffs") jointly bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's and Reckitt's customers, reputations, and intellectual property ("IP"), and to hold Defendants accountable for their illegal actions.

2.       Sumera Suhail ("Suhail") and Suhail Bin Rashid ("Rashid"), and their respective companies, USA Prep Services Inc. ("USA Prep Services") and Aminia LLC ("Aminia"),[1] orchestrated a scheme to supply, sell, and distribute counterfeit Reckitt health supplements in the Amazon.com store (the "Amazon Store") in violation of Reckitt's IP rights and Amazon's contracts and policies.

3.       On information and belief, the Cranston Defendants supplied the counterfeit Reckitt products to individuals and entities who opened, registered, and operated seven Selling Accounts[2] in the Amazon Store, through which they advertised, marketed, offered, distributed, and sold Reckitt counterfeit products (collectively, the "Registration Defendants").[3]

4.       As detailed herein, the Cranston Defendants are connected to the Registration Defendants in multiple ways. For example, the Cranston Defendants operate two neighboring businesses, Aminia and USA Prep Services, located at 87 Warwick Avenue and 95 Warwick Avenue in Cranston, Rhode Island, both of which are connected to the Selling Accounts either because the Registration Defendants provided the addresses to Amazon in connection with the operation of their Selling Accounts, or because the Registration Defendants used the address on falsified invoices they submitted to Amazon. In addition, law enforcement seized counterfeit Reckitt products from both of these locations.

5.       As a result of their illegal actions, Defendants have infringed and misused Reckitt's IP; breached their contracts with Amazon; willfully deceived and harmed Amazon,

---

[1] On information and belief, Defendants Suhail, Rashid, USA Prep Services, and Aminia each reside or are located in Cranston, Rhode Island. They are collectively referred to as the "Cranston Defendants."

[2] The Selling Accounts were (1) A ShoppingFeast, (2) Gopech Stores, (3) Khateen LLC, (4) Pr-E-Commerce, (5) Rzglobe LLC, (6) ShoppingEmbassy, and (7) SkyTwilight Store.

[3] The Registration Defendants are Aadam Jawad, Prasenjit Gope, Ikhtisham Ul Haq, Rida Arif, Zahid Ur Rehman, Zamrud Khan, and Adnan Faraz.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 2

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Reckitt, and their customers; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon and Reckitt. Defendants' illegal actions have caused Amazon and Reckitt to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, Reckitt, and their customers.

**Amazon.**

6.      Amazon.com Services LLC owns and operates the Amazon.com store (the "Amazon Store"), and Amazon's affiliates own and operate equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2023 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from counterfeits, fraud, and other forms of abuse.

**Reckitt.**

7.      Founded in 1840, Reckitt has become one of the world's most trusted brands in the hygiene, health, and nutrition space. Reckitt is a global company with a mission to protect, heal, and nurture in the pursuit of a cleaner, healthier world. Reckitt offers innovative vitamins and supplements. Among those supplements, Reckitt's Neuriva products include naturally sourced ingredients supporting brain health.

8.      Reckitt owns, manages, enforces, licenses, and maintains IP, including various trademarks. Relevant to this Complaint, Reckitt owns the following registered trademark (the "Neuriva Trademark").

| Mark | Registration No. (International Classes) |
|------|------------------------------------------|
| NEURIVA | 5,782,353 (5) |

A true and correct copy of the registration certificate for the Neuriva Trademark is attached as **Exhibit A**.

## II.     PARTIES

9.      Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware company with its principal place of business in Seattle, Washington.

10.     Reckitt is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.

11.     Defendants are a collection of individuals and entities who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint. Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

**The Cranston Defendants.**

12.     On information and belief, the Cranston Defendants supervised, directed, and controlled the counterfeiting scheme detailed in this Complaint. The Cranston Defendants are subject to liability for their wrongful conduct directly under principles of agency, alter ego doctrine, and joint tortfeasor, as well as under principles of secondary liability including, without limitation, *respondeat superior* and vicarious liability.

13.     On information and belief, Defendant Aminia is a Rhode Island limited liability company with its principal place of business at 95 Warwick Avenue, Cranston, Rhode Island 02905. Aminia personally participated in and/or had the right and ability to supervise, direct, and

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

14.     On information and belief, Defendant USA Prep Services is a Rhode Island corporation with its principal place of business at 87 Warwick Avenue, Cranston, Rhode Island, 02905. USA Prep Services personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

15.     On information and belief, Defendant Suhail is an individual residing in Rhode Island who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and who derived a direct financial benefit from that wrongful conduct. Defendant Suhail is an officer of Defendants Aminia and USA Prep Services.

16.     On information and belief, Defendant Rashid is an individual residing in Rhode Island who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and who derived a direct financial benefit from that wrongful conduct. Defendant Rashid is an officer of Defendant Aminia.

**The Registration Defendants.**

17.     On information and belief, the Registration Defendants are a collection of individuals who conspired in concert with the Cranston Defendants to create and operate the Selling Accounts and to further the counterfeiting scheme alleged in this Complaint. The Registration Defendants are thus subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, agency, and the alter ego doctrine.

18.     On information and belief, Defendant Aadam Jawad ("Jawad"), d/b/a A ShoppingFeast LLC and A ShoppingFeast Selling Account, is an individual residing in Australia who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and who derived a direct financial benefit from

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

that wrongful conduct. Defendant Jawad was also the managing member of A ShoppingFeast LLC.

19.     On information and belief, Defendant Prasenjit Gope ("Gope"), d/b/a Gopech Stores LLC and Gopech Stores Selling Account, is an individual residing in India who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

20.     On information and belief, Defendant Ikhtisham Ul Haq ("Ul Haq"), d/b/a Khateen LLC and Khateen LLC Selling Account, is an individual residing in New Mexico who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and who derived a direct financial benefit from that wrongful conduct. Defendant Ul Haq was also a member of Khateen LLC.

21.     On information and belief, Defendant Rida Arif ("Arif"), d/b/a Pr-E-Commerce Selling Account is an individual residing in Pakistan who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

22.     On information and belief, Defendant Zahid Ur Rehman ("Ur Rehman"), d/b/a RZ Globe LLC and Rzglobe LLC Selling Account is an individual residing in Pakistan who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant Ur Rehman was also the managing member of Rzglobe LLC.

23.     On information and belief, Defendant Zamrud Khan ("Khan"), d/b/a ShoppingEmbassy LLC and ShoppingEmbassy Selling Account, is an individual residing in Pakistan who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant Khan is also a member of ShoppingEmbassy LLC.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 6

24.    On information and belief, Defendant Adnan Faraz ("Faraz"), d/b/a SkyTwilight LLC and SkyTwilight Store Selling Account is an individual residing in Pakistan who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant Faraz is also a manager of SkyTwilight Store.

**The Doe Defendants.**

25.    On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and/or entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell counterfeit Reckitt products. The identities of the Doe Defendants are presently unknown to Plaintiffs.

### III.    JURISDICTION AND VENUE

26.    The Court has subject matter jurisdiction over Reckitt's Lanham Act claim for trademark counterfeiting and trademark infringement, and Amazon's and Reckitt's Lanham Act claims for false designation of origin, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of contract claim and Amazon's and Reckitt's claims for violation of the Washington Consumer Protection Act, pursuant to 28 U.S.C. § 1367.

27.    The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Reckitt's claims arise from those activities. Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold in the Amazon Store products bearing counterfeit versions of the Neuriva Trademark and which otherwise infringed Reckitt's IP. Additionally, certain Defendants shipped products bearing counterfeit versions of the Neuriva Trademark to consumers in Washington. Each Defendant committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and Reckitt substantial injury in Washington.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

28.     The Registration Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights and claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.

29.     Further, the Cranston Defendants are similarly bound by the BSA under principles of agency, *respondeat superior*, and alter ego liability because the Cranston Defendants orchestrated the counterfeiting scheme alleged in this Complaint and directed the Registration Defendants' registration and operation of the Selling Accounts.

30.     Moreover, the Defendants affirmatively undertook to provide false or misleading information to Amazon, a corporation with its principal place of business in Washington. Defendants specifically directed their conduct toward Amazon and the Amazon Store and, on information and belief, deceived customers in Washington.

31.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because Defendants consented to it under the BSA.

32.     Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Efforts to Prevent the Sale of Counterfeit Goods.

33.     Amazon works hard to build and protect the reputation of its stores as places where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon entities or from one of its millions

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 8

of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

34.     A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

35.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls. In 2023, Amazon's proactive controls blocked more than 99% of suspected infringing listings before a brand ever had to find and report them.

36.     In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of their relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 9

for, identify, and report potentially infringing products using state-of-the-art image search technology.

37.    In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. More than 1.6 billion product units, whether sold in Amazon's stores or elsewhere in the retail supply chain, have been enrolled in Transparency, and have been authenticated as genuine through code scan verification.

38.    In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. Since launch, more than 25,000 brands have enrolled in Project Zero.

39.    Amazon uses advanced technology and expert human reviewers to verify the identities of potential sellers. When prospective sellers apply to sell in Amazon's stores, they are required to provide a form of government-issued photo ID, along with other information about their business. Amazon employs advanced identity detection methods such as document forgery detection, image and video verification, and other technologies to quickly confirm the authenticity of government-issued IDs and whether such IDs match the individual applying to sell in Amazon's stores. In addition to verifying IDs, Amazon's systems analyze numerous data points, including behavior signals and connections to previously detected bad actors, to detect and prevent risks.

40.    Similarly, throughout the selling experience in Amazon's stores, Amazon's systems monitor selling accounts to identify anomalies or changes in account information, behaviors, and other risk signals. In the event that Amazon identifies a risk of fraud or abuse, it

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 10

promptly initiates an investigation using automated and/or human review, may request additional information, and swiftly removes bad actors from its stores.

41.    In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products.

**B.    Reckitt and Its Anti-Counterfeiting Efforts.**

42.    Reckitt goes to great lengths to protect consumers from counterfeits of its products, and is committed to leading efforts to combat counterfeit products. Reckitt utilizes both internal and external resources to combat counterfeit and infringing products.

43.    Reckitt is currently enrolled in Brand Registry and Project Zero. Reckitt began actively using the tools and protections provided by this program in response to the counterfeiting activity including that described in this Complaint.

**C.    Plaintiffs Uncover Multiple Connections Between the Cranston Defendants and the Selling Accounts.**

44.    There are multiple connections between the Cranston Defendants, on the one hand, and the Selling Accounts and the Registration Defendants, on the other hand.

45.    First, each of the Selling Accounts was connected to Aminia's address at 95 Warwick Avenue Cranston, Rhode Island 02905 (the "95 Warwick Address") because (1) the Selling Accounts provided that address to Amazon in connection with their operation, and/or (2) the Selling Accounts submitted false invoices to Amazon that bore that address.

46.    Second, the Registration Defendants who operated five of the seven Selling Accounts[4] added Defendant Rashid, an officer of Aminia, to those Selling Accounts as a shipping recipient.

---

[4] The Selling Accounts were A ShoppingFeast Selling Account, Gopech Stores, Khateen, Rzglobe LLC, and SkyTwilight Store.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 11

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

47.    Third, Defendant USA Prep Services was listed as a shipping recipient for Pr-E Commerce Selling Account. USA Prep Services maintains its principal place of business at 87 Warwick Avenue, Cranston, Rhode Island 02905 (the "87 Warwick Address"), which neighbors the 95 Warwick Address. Defendant Suhail is an officer of USA Prep Services.

48.    Fourth, on information and belief, law enforcement raided 87 Warwick Address and 95 Warwick Address and confiscated counterfeit Reckitt products from these locations.

**D.    Defendants Created Amazon Selling Accounts, Agreed Not to Sell Counterfeit Goods, Agreed to Provide Accurate Information to Amazon, and Agreed to Reimburse Amazon for Damages Arising from Customer Refunds.**

49.    On information and belief, between March 9, 2022 and July 22, 2023, the Cranston Defendants and the Registration Defendants, working in concert, established, controlled, and operated the seven Selling Accounts detailed in Section D below, through which they advertised, marketed, offered, distributed, and sold counterfeit Reckitt health supplement products in the Amazon Store, using the Neuriva Trademark, without authorization. In connection with the Selling Accounts, Defendants provided Amazon with names, email addresses, phone numbers, tax identification numbers, banking information and statements, and either a government-issued identification card for an individual acting on behalf of the Selling Account, or a copy of a government-issued record or tax document for the entity operating the Selling Account.

50.    The Registration Defendants also submitted invoices to Amazon for four of the Selling Accounts[5] that purported to show that their counterfeit products came from suppliers of authentic products. Plaintiffs subsequently determined that the invoices were false. The invoices purported to show that the counterfeit Neuriva-branded products were supplied by four companies: AmericanPharmaWholesale.com ("American Pharma Wholesale"), OTC Superstore, Tek Distributors, Inc. ("Tek Distributors"), and Drug Supply Store. All of the invoices listed the same shipping address connected to the Cranston Defendants: the 95 Warwick Address.

---

[5] Those Selling Accounts were Khateen LLC, Rzglobe LLC, ShoppingEmbassy, and SkyTwilight Store.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 12

51.     In addition, the ShoppingEmbassy Selling Account provided a letter of authorization, which purported to show that Reckitt had authorized ShoppingEmbassy to sell Reckitt products. Reckitt confirmed that the letter was fabricated, and that Reckitt had not authorized ShoppingEmbassy to supply Reckitt products.

52.     To become a third-party seller in the Amazon Store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. A true and correct copy of the applicable version of the BSA, namely, the version Defendants last agreed to when using Amazon's services, is attached as **Exhibit B**.

53.     Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" in violation of Amazon's policies, reserving the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. B, ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

54.     Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

*Id.*

55.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store together with the consequences of selling inauthentic products:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o   Bootlegs, fakes, or pirated copies of products or content

  o   Products that have been illegally replicated, reproduced, or manufactured

  o   Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o   Remove suspect listings.

  o   Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 14

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1    *Id.*

2    56.    Additionally, under the BSA, sellers agree that the information and

3    documentation they provide to Amazon in connection with their selling accounts—such as

4    identification, contact, and banking information—will, at all times, be valid, truthful, accurate,

5    and complete. Specifically, the BSA requires that:

6    • As part of the application process, you must provide us with your (or your
       business') legal name, address, phone number and e-mail address, as well as
7      any other information we may request. Ex. B. ¶ 1.

8    • You will use only a name you are authorized to use in connection with a[ny
       Amazon] Service and will update all of the information you provide to us in
9      connection with the Services as necessary to ensure that it at all times remains
       accurate, complete, and valid. *Id.* ¶ 2.
10

11   • Each party represents and warrants that: (a) if it is a business, it is duly
       organized, validly existing and in good standing under the Laws of the
12     country in which the business is registered and that you are registering for the
       Service(s) within such country; (b) it has all requisite right, power, and
       authority to enter this Agreement, perform its obligations, and grant the rights,
13     licenses, and authorizations in this Agreement; (c) any information provided
       or made available by one party to another party or its Affiliates is at all times
14     accurate and complete[.] *Id.* ¶ 5.

15   57.    When the Registration Defendants, working in concert with the Cranston

16   Defendants, registered as third-party sellers in the Amazon Store, and established their Selling

17   Accounts, they agreed not to advertise, market, offer, distribute, or sell counterfeit products, and

18   agreed to provide Amazon with accurate and complete information and to ensure that

19   information remained accurate and complete.

20   58.    Defendants also agreed to reimburse Amazon for any amounts Amazon was

21   forced to refund to customers who purchased products from Defendants. The BSA provides:

22   • You will defend, indemnify, and hold harmless Amazon … against any …
       loss, damage, settlement cost, expense, or other liability … arising from or
23     related to … Your Products, including the … refund … thereof[.] *Id.* § 6.1.

24   • If we determine that your actions or performance may result in returns,
       chargebacks, claims, disputes, violations of our terms or policies, violations of
25     law or other risks to Amazon or third parties, then we may in our sole
       discretion withhold any payments to you for as long as we determine any
26     related risks to Amazon or third parties persist. For any amounts that we
       determine you owe us, we may … collect payment or reimbursement from
27     you by any other lawful means. Id. § 2.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 15

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

**E.     Defendants' Sale of Counterfeit Neuriva-Branded Products and Provision of False Information to Amazon.**

59.     The Registration Defendants and Cranston Defendants, working in concert, advertised, marketed, offered, distributed, and sold counterfeit Neuriva-branded health supplement products in the Amazon Store. The counterfeit Neuriva-branded products sold by Defendants are identified and described below.

60.     Reckitt conducted multiple test purchases of Neuriva-branded products from the Selling Accounts and determined that the products are counterfeit, that each product bears a counterfeit Neuriva Trademark, and that Reckitt has never authorized the sale of such products, as detailed below. Where physical samples and/or images of Neuriva-branded products sold by certain of the Selling Accounts were not available for inspection, Plaintiffs determined that the products were counterfeit based on the Selling Accounts' submission of falsified invoices and the Selling Accounts' connections to Defendants' counterfeiting ring.

**Selling Account #1 – A ShoppingFeast**

61.     Defendant Jawad, acting in concert with the Cranston Defendants, advertised, marketed, offered, distributed, and sold inauthentic Reckitt products in the Amazon Store through the A ShoppingFeast Selling Account. On information and belief, during this period, the A ShoppingFeast Selling Account was controlled and operated by Defendant Jawad, the Cranston Defendants, and, on further information and belief, other parties unknown.

62.     On July 19, 2023, Amazon provided Reckitt with a physical sample of a product from the quarantined inventory of the A ShoppingFeast Selling Account that was advertised and offered for sale as "NEURIVA Plus Brain Performance (30 Count), Brain Support Supplement with Clinically Proven Natural Ingredients 1 ea (Pack of 3)." Reckitt has examined the sample and confirmed that it bore the Neuriva Trademark and other indications of Reckitt's brand. Reckitt has determined that the product is counterfeit based on deviations from Reckitt's authentic product and packaging.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

**Selling Account #2 – Gopech Stores**

63.     Defendant Gope, acting in concert with the Cranston Defendants, advertised, marketed, offered, distributed, and sold inauthentic Reckitt products in the Amazon Store through the Gopech Stores Selling Account. On information and belief, during this period, the Gopech Stores Selling Account was controlled and operated by Defendant Gope, the Cranston Defendants, and, on further information and belief, other parties unknown.

64.     On June 2, 2023, Amazon provided Reckitt with a physical sample of a product from the quarantined inventory of the Gopech Stores Selling Account that was advertised and offered for sale as "NEURIVA Plus Brain Supplement for Memory and Focus Clinically Tested Nootropics for Concentration for Mental Clarity, Cognitive Enhancement Vitamins B6, B12, Phosphatidylserine 30 Capsules." Reckitt has examined the sample and confirmed that it bore the Neuriva Trademark and other indications of Reckitt's brand. Reckitt has determined that the product is counterfeit based on deviations from Reckitt's authentic product and packaging.

**Selling Account #3– Khateen LLC**

65.     Defendant Ul Haq, acting in concert with the Cranston Defendants, advertised, marketed, offered, distributed, and sold inauthentic Reckitt products in the Amazon Store through the Khateen LLC Selling Account. On information and belief, during this period, the Khateen LLC Selling Account was controlled and operated by Defendant Ul Haq, the Cranston Defendants, and, on further information and belief, other parties unknown.

66.     To enable its sales, Khateen LLC Selling Account submitted to Amazon falsified invoices, dated March 2, 2023, April 11, 2023, and May 5, 2023, [6] in order to obtain approval to sell the Neuriva-branded products in the Amazon Store. The invoices purported to show that the products were manufactured by Tek Distributors and listed the shipping address as the 95 Warwick Address. Plaintiffs' investigation determined that the invoices were falsified.

---

[6] The products listed in the invoices were: (i) "NEURIVA Plus Brain Performance (30 Count), Brain Support Supplement with Clinically Proven Natural Ingredients 1 ea (Pack of 3)" (ASIN[6] B07Q2W5HCY); "NEURIVA Plus Brain Performance (30 Count), Brain Support Supplement with Clinically Proven Natural Ingredients (Pack of 2)" (ASIN B09SM67XTG); and (iii) "NEURIVA Plus Brain Performance (30 Count), Brain Support Supplement with Clinically Proven Natural Ingredients (Pack of 2)" (ASIN B09SM67XTG).

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

**Selling Account #4–Pr-E-Commerce**

67.    Defendant Arif, acting in concert with the Cranston Defendants, advertised, marketed, offered, distributed, and sold inauthentic Reckitt products in the Amazon Store through the Pr-E-Commerce Selling Account. On information and belief, during this period, the Pr-E-Commerce Selling Account was controlled and operated by Defendant Arif, the Cranston Defendants, and, on further information and belief, other parties unknown.

68.    On April 18, 2023, Reckitt conducted a test purchase from the Pr-E-Commerce Selling Account of a product advertised and offered for sale as "NEURIVA Nootropic Brain Support Supplement Plus Capsules (30ct Bottle) Phosphatidylserine, B6, B12, Folic Acid - Supports Focus, Memory, Learning, Accuracy, Concentration & Reasoning (Pack of 2)." Defendants shipped to Reckitt a product that bore the Neuriva Trademark and other indications of Reckitt's brand. Reckitt has examined the product and determined that it is counterfeit based on deviations from Reckitt's authentic product and packaging.

**Selling Account #5– Rzglobe LLC**

69.    Defendant Ur Rehman, acting in concert with the Cranston Defendants, advertised, marketed, offered, distributed, and sold inauthentic Reckitt products in the Amazon Store through the Rzglobe LLC Selling Account. On information and belief, during this period, the Rzglobe Selling Account controlled and operated by Defendant Ur Rehman, the Cranston Defendants, and, on further information and belief, other parties unknown.

70.    On April 6, 2023, Reckitt conducted a test purchase from the Rzglobe LLC Selling Account of a product advertised and offered for sale as "NEURIVA Plus Brain Supplement for Memory and Focus Clinically Tested Nootropics for Concentration for Mental Clarity, Cognitive Enhancement Vitamins B6, B12, Phosphatidylserine 30 Capsules." Defendants shipped to Reckitt a product that bore the Neuriva Trademark and other indications of Reckitt's brand. Reckitt has examined the product and determined that it is counterfeit based on deviations from Reckitt's authentic product and packaging.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 18

71.     On April 18, 2023, Reckitt conducted a test purchase from the Rzglobe LLC Selling Account of a product advertised and offered for sale as "NEURIVA Nootropic Brain Support Supplement Plus Capsules (30ct Bottle) Phosphatidylserine, B6, B12, Folic Acid - Supports Focus, Memory, Learning, Accuracy, Concentration & Reasoning (Pack of 2)." Defendants shipped to Reckitt a product that bore the Neuriva Trademark and other indications of Reckitt's brand. Reckitt has examined the product and determined that it is counterfeit based on deviations from Reckitt's authentic product and packaging.

72.     On April 24, 2023, Amazon provided Reckitt with a physical sample of a product from the quarantine inventory of the Rzglobe LLC Selling Account that was advertised and offered for sale as "NEURIVA Nootropic Brain Support Supplement Plus Capsules (30ct Bottle) Phosphatidylserine, B6, B12, Folic Acid - Supports Focus, Memory, Learning, Accuracy, Concentration & Reasoning (Pack of 2)." Reckitt has examined the sample and confirmed that it bore the Neuriva Trademark and other indications of Reckitt's brand. Reckitt has determined that the product is counterfeit based on deviations from Reckitt's authentic product and packaging.

73.     On April 27, 2023, Amazon provided Reckitt with a physical sample of a product from the quarantine inventory of the Rzglobe LLC Selling Account that was advertised and offered for sale as "NEURIVA Plus Brain Supplement for Memory and Focus Clinically Tested Nootropics for Concentration for Mental Clarity, Cognitive Enhancement Vitamins B6, B12, Phosphatidylserine 30 Capsules." Reckitt has examined the sample and confirmed that it bore the Neuriva Trademark and other indications of Reckitt's brand. Reckitt has determined that the product is counterfeit based on deviations from Reckitt's authentic product and packaging.

74.     When Amazon notified the Rzglobe LLC Selling Account that it was suspected of selling a counterfeit product bearing the Neuriva Trademark, "NEURIVA Nootropic Brain Support Supplement Plus Capsules (30ct Bottle) Phosphatidylserine, B6, B12, Folic Acid - Supports Focus, Memory, Learning, Accuracy, Concentration & Reasoning (Pack of 2)" (ASIN B07QVB8W12), and therefore its selling privileges was being suspended, Defendant Ur Rehman submitted to Amazon invoices, dated March 15, 2023, March 20, 2023, March 23, 2023, and

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

April 20, 2023, that purported to show that the products were manufactured by American Pharma Wholesale and Drugsupplystore.com and listed the shipping address as the 95 Warwick Address. Plaintiffs' investigation determined that the invoices were falsified.

**Selling Account #6 – ShoppingEmbassy**

75. Defendant Khan, acting in concert with the Cranston Defendants, advertised, marketed, offered, distributed, and sold inauthentic Reckitt products in the Amazon Store through the ShoppingEmbassy Selling Account. On information and belief, during this period, the ShoppingEmbassy Selling Account was controlled and operated by Defendant Khan, the Cranston Defendants, and, on further information and belief, other parties unknown.

76. On April 19, 2023, Reckitt conducted a test purchase from the ShoppingEmbassy Selling Account of a product advertised and offered for sale as "NEURIVA Plus Vegetarian Brain Supplement For Memory, Focus & Concentration + Cognitive Function, Vitamins B6 & B12 and Clinically Tested Nootropics Phosphatidylserine and Neurofactor, 30ct Capsules." Defendants shipped to Reckitt a product that bore the Neuriva Trademark and other indications of Reckitt's brand. Reckitt has examined the product and determined that it is counterfeit based on deviations from Reckitt's authentic product and packaging.

77. On April 14, 2023, Reckitt conducted a test purchase from the ShoppingEmbassy Selling Account of a product advertised and offered for sale as "NEURIVA Nootropic Brain Support Supplement Plus Capsules (30ct Bottle) Phosphatidylserine, B6, B12, Folic Acid - Supports Focus, Memory, Learning, Accuracy, Concentration & Reasoning (Pack of 2)." Defendants shipped to Reckitt a product that bore the Neuriva Trademark and other indications of Reckitt's brand. Reckitt has examined the product and determined that it is counterfeit based on deviations from Reckitt's authentic product and packaging.

When Amazon notified the ShoppingEmbassy Selling Account that it was suspected of selling counterfeit products bearing the Neuriva Trademark and therefore its selling privileges were being suspended, Defendant Khan submitted to Amazon invoices: some dated February 10, 2023; February 21, 2023; and March 13, 2023, purporting to show that the products were

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

manufactured by American Pharma Wholesale; others dated February 11, 2023, and February 29, 2023, purporting to show that the products were manufactured by Drug Supply Store; and another dated April 10, 2023, purporting to show that the products were manufactured by OTC Superstore.[7] Each invoice listed the shipping address as the 95 Warwick Address. Plaintiffs' investigation determined that the invoices were falsified.

**Selling Account #7– SkyTwilight Store**

78.    Defendant Faraz, acting in concert with the Cranston Defendants, advertised, marketed, offered, distributed, and sold inauthentic Reckitt products in the Amazon Store through the SkyTwilight Store Selling Account. On information and belief, during this period, the SkyTwilight Store Selling Account was controlled and operated by Defendant Faraz, the Cranston Defendants, and, on further information and belief, other parties unknown.

79.    On March 17, 2023, Reckitt conducted a test purchase from the SkyTwilight Store Selling Account of a product advertised and offered for sale as "NEURIVA Plus Brain Supplement for Memory and Focus Clinically Tested Nootropics for Concentration for Mental Clarity, Cognitive Enhancement Vitamins B6, B12, Phosphatidylserine 30 Capsules." Defendants shipped to Reckitt a product that bore the Neuriva Trademark and other indications of Reckitt's brand. Reckitt has examined the product and determined that it is counterfeit based on deviations from Reckitt's authentic product and packaging.

80.    In addition, in response to investigations by Amazon that the Neuriva-branded products sold by the SkyTwilight Store Selling Account were inauthentic, the SkyTwilight Store Selling Account submitted invoices to Amazon, dated January 16, 2023, February 17, 2023,

---

[7] The products listed in the invoices were: (i) "NEURIVA Plus Brain Performance (30 Count), Brain Support Supplement with Clinically Proven Natural Ingredients 1 ea (Pack of 3)" (ASIN B07Q2W5HCY); (ii) By RB Health USA; (iii) "Neuriva Brain Performance Plus Capsule 30 By RB Health USA"; (iv) "NEURIVA Nootropic Brain Support Supplement Plus Capsules (30ct Bottle) Phosphatidylserine, B6, B12, Folic Acid - Supports Focus, Memory, Learning, Accuracy, Concentration & Reasoning (Pack of 2)" (ASIN B07QVB8W12); (v) "NEURIVA Nootropic Brain Support Supplement Plus Capsules (30ct Bottle) Phosphatidylserine, B6, B12, Folic Acid - Supports Focus, Memory, Learning, Accuracy, Concentration & Reasoning (Pack of 2)"(ASIN B07QVB8W12); and (vi) "NEURIVA Nootropic Brain Support Supplement Plus Capsules (30ct Bottle) Phosphatidylserine, B6, B12, Folic Acid - Supports Focus, Memory, Learning, Accuracy, Concentration & Reasoning (Pack of 2)" (ASIN B07QVB8W12).

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 21

February 20, 2023, and February 23, 2023[8] that purported to show that the products were manufactured by American Pharma Wholesale and listed the shipping address as the 95 Warwick Address. Plaintiffs' investigation determined they were falsified.

**F.    Defendants' Coordinated Sale of Counterfeit Reckitt Products.**

81.    On information and belief, the Cranston Defendants orchestrated Defendants' counterfeit scheme, including the provision of fake invoices and a letter of authorization. As discussed above, Plaintiffs uncovered multiple connections between the Cranston Defendants and the Selling Accounts: (i) each of the Selling Accounts was linked to Defendant Aminia's 95 Warwick Address; (ii) Defendant Rashid is linked to five of the seven Selling Accounts as a user;[9] and (iii) USA Prep Services is linked to one of the Selling Accounts as a user.[10] In addition, law enforcement's raid of 87 Warwick Address and 95 Warwick Address resulted in confiscation of counterfeit Reckitt products.

82.    The Selling Accounts share other commonalities, demonstrating that Defendants are acting in concert. These commonalities include: (i) the use of the same IP address to log into two of the Selling Accounts;[11] (ii) the use of the same mobile number by four of the Selling Accounts;[12] and (iii) the use of a common address by four of the Selling Accounts—5900 Balcones Drive, Austin, Texas 78731—as their business address.[13]

**G.    Amazon Shut Down Defendants' Selling Accounts.**

83.    By selling counterfeit and infringing Reckitt products, Defendants falsely represented to Amazon and its customers that the products they sold were genuine products made

---

[8] The products listed in the invoices were: (i) "NEURIVA Plus Vegetarian Brain Supplement For Memory, Focus & Concentration + Cognitive Function, Vitamins B6 & B12 and Clinically Tested Nootropics Phosphatidylserine and Neurofactor, 30ct Capsules" (ASIN B07PBZRDJN); (ii) "NEURIVA Plus Vegetarian Brain Supplement For Memory, Focus & Concentration + Cognitive Function, Vitamins B6 & B12 and Clinically Tested Nootropics Phosphatidylserine and Neurofactor, 30ct Capsules" (ASIN B07PBZRDJN); (iii) "Neuriva Brain Performance Plus Capsule 30 By RB Health USA" (ASIN B07PBZRDJN); and (iv) "Neuriva Brain Performance Plus Capsule 30 By RB Health USA" (ASIN B07PBZRDJN).

[9] The Selling Accounts were A ShoppingFeast, Gopech Stores, Khateen, Rzglobe LLC, and SkyTwilight Store.

[10] The Selling Account was the Pr-E-Commerce Selling Account.

[11] The Selling Accounts were ShoppingEmbassy, SkyTwilight Store.

[12] The Selling Accounts were A ShoppingFeast, Khateen LLC, Pr-E-Commerce, and Rzglobe LLC.

[13] The Selling Accounts were Rzglobe LLC, GoPech Stores LLC, ShoppingEmbassy, and Skytwilight Store.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

by Reckitt. Defendants also knowingly and willfully used Reckitt's IP in connection with the advertising, marketing, offering, distributing, and selling of counterfeit and infringing Reckitt products.

84.     At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store, from providing inaccurate information to Amazon and its customers, from misrepresenting the authenticity of the products sold, and from misleading Amazon and its customers through their sale of inauthentic Reckitt products. Defendants have breached the terms of their agreements with Amazon; deceived Amazon's customers and Amazon, infringed and misused the IP rights of Reckitt, harmed the integrity of and customer trust in the Amazon Store, and tarnished Amazon's and Reckitt brands.

85.     After Amazon verified Defendants' sale of counterfeit Reckitt products, it blocked the Selling Accounts. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon and Reckitt.

86.     Pursuant to Amazon's A-to-z guarantee, Amazon also proactively issued full refunds to customers who purchased purported Reckitt products from Defendants. Defendants have not reimbursed Amazon.

## V.    CLAIMS

### FIRST CLAIM
*(by Reckitt against all Defendants)*
**Trademark Counterfeiting and Trademark Infringement – 15 U.S.C. § 1114**

87.     Plaintiff Reckitt incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

88.     Defendants' activities constitute counterfeiting and infringement of the Neuriva Trademark as described in the paragraphs above.

89.     Reckitt owns the Neuriva Trademark and advertises, markets, offers, distributes, and sells its products using the Neuriva Trademark described above and uses those trademarks to

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 23

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

distinguish its products from the products and related items of others in the same or related fields.

90.     Because of Reckitt's long, continuous, and exclusive use of the Neuriva Trademark, the Trademark has come to mean, and is understood by customers and the public, to signify products from Reckitt.

91.     The Cranston Defendants and the Registration Defendants acted in concert to unlawfully advertise, market, offer, distribute, and sell products bearing counterfeit and infringing versions of the Neuriva Trademark with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity.

92.     Specifically, Defendants intended customers to believe, incorrectly, that the products originated from, were affiliated with, and/or were authorized by Reckitt and likely caused such erroneous customer beliefs.

93.     The Cranston Defendants and Registration Defendants operated in concert and are jointly liable for the infringing conduct made through the Selling Accounts. Alternatively, the Cranston Defendants are liable for the infringing activities of the Registration Defendants under theories of *respondeat superior*, agency, alter ego doctrine, or vicarious liability.

94.     As a result of Defendants' wrongful conduct, Reckitt is entitled to recover its actual damages, Defendants' profits attributable to the infringement, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, Reckitt is entitled to statutory damages under 15 U.S.C. § 1117(c) for Defendants' use of a counterfeit mark.

95.     Reckitt is further entitled to injunctive relief, including an order impounding all counterfeit and infringing products and promotional materials in Defendants' possession. Reckitt has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Neuriva Trademark is unique and valuable property that has no readily-determinable market value; (b) Defendants' counterfeiting and infringing activities constitute harm to Reckitt and Reckitt's reputation and goodwill such that Reckitt could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1   to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the

2   counterfeit and infringing materials; and (d) the resulting harm to Reckitt, due to Defendants'

3   wrongful conduct, is likely to be continuing.

4   **SECOND CLAIM**
    ***(by Reckitt and Amazon against all Defendants)***
5   **False Designation of Origin – 15 U.S.C. § 1125(a)**

6       96.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as

7   though set forth herein.

8       97.     Reckitt owns the Neuriva Trademark and advertises, markets, offers, distributes,

9   and sells its products using the Trademark, and uses the Trademark to distinguish its products

10  from the products and related items of others in the same or related fields.

11      98.     Because of Reckitt's long, continuous, and exclusive use of the Neuriva

12  Trademark, the Trademark has come to mean, and is understood by customers, users, and the

13  public, to signify products from Reckitt.

14      99.     Amazon's reputation for trustworthiness is at the heart of its relationship with

15  customers. Defendants' actions in selling counterfeits pose a threat to Amazon's reputation

16  because they undermine and jeopardize customer trust in the Amazon Store.

17      100.    The wrongful conduct of the Cranston Defendants and the Registration

18  Defendants includes the infringement of the Neuriva Trademark in connection with advertising,

19  marketing, distributing, and selling of counterfeit Neuriva-branded products in interstate

20  commerce.

21      101.    The Cranston Defendants and the Registration Defendants operated in concert and

22  are jointly liable for the infringing conduct made through the Selling Accounts. Alternatively, the

23  Cranston Defendants are liable for the infringing activities of the Registration Defendants under

24  theories of *respondeat superior*, agency, alter ego doctrine, or vicarious liability.

25      102.    In advertising, marketing, offering, distributing, and selling products bearing

26  counterfeit versions of the Neuriva Trademark, the Defendants have used the Neuriva Trademark

27  to compete unfairly with Reckitt and to deceive customers.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 25

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

103.    Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, distributed, or sold in connection with the Neuriva Trademark and wrongfully trades upon Reckitt's goodwill and business reputation.

104.    Further, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

105.    Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

106.    Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by Reckitt, all in violation of 15 U.S.C. § 1125(a)(1)(A).

107.    Plaintiffs are entitled to an injunction against Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with attorneys' fees and costs in investigating and bringing this lawsuit. Defendants' acts have caused irreparable injury to Plaintiffs. On information and belief, that injury is continuing. An award of monetary damages cannot fully compensate Plaintiffs for their injuries, and Plaintiffs lack an adequate remedy at law.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

108.    Reckitt is further entitled to recover Defendants' profits, Reckitt's damages for its losses, and Reckitt's costs to investigate and remediate Defendants' conduct and bring this action, including its attorneys' fees, in an amount to be determined. Reckitt is also entitled to the trebling of any damages award as allowed by law. Likewise, Amazon is also entitled to recover its damages arising from Defendants' sale of counterfeit products in the Amazon Store.

### THIRD CLAIM
*(by Reckitt and Amazon against all Defendants)*
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

109.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

110.    Defendants' coordinated scheme to advertise, market, offer, distribute, and sell counterfeit products constitutes unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

111.    Defendants' coordinated scheme to advertise, market, offer, distribute, and sell counterfeit Neuriva-branded products harms the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

112.    Defendants' coordinated scheme to advertise, market, offer, distribute, and sell counterfeit Neuriva-branded products directly and proximately causes harm to and tarnishes Plaintiffs' reputations and brands, and damages their business and property interests and rights.

113.    Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover from Defendants their attorneys' fees and costs. Reckitt further seeks to recover from Defendants its actual damages, trebled, and Amazon further seeks to recover from Defendants its actual damages, trebled, regarding Defendants' activities involving the sale of counterfeit products.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

## FOURTH CLAIM
### (by Amazon.com Services LLC[14] against the Registration Defendants)
**Breach of Contract**

114.    Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

115.    The Registration Defendants established the Selling Accounts and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. The Registration Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

116.    Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

117.    Defendants' sale and distribution of counterfeit Reckitt products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of Reckitt.

118.    In furtherance of their sale and distribution of counterfeit Neuriva-branded products, the Registration Defendants further breached the BSA and its incorporated policies by submitting falsified documents to Amazon after their Selling Accounts were suspended in an effort to have their Accounts reinstated.

119.    Additionally, Defendants breached the BSA by failing to reimburse Amazon for the amounts it paid to refund customers who purchased counterfeit products from Defendants.

120.    Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

---

[14] For the Fourth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 28

A.    That the Court enter an order permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, from:

      (i)    selling counterfeit or infringing products in Amazon's stores;

      (ii)    selling counterfeit or infringing products to Amazon or any Amazon affiliate;

      (iii)    importing, manufacturing, producing, distributing, circulating, offering to sell, selling, promoting, or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of Reckitt's brand or trademarks, or which otherwise infringes Reckitt's IP, in any store or in any medium; and

      (iv)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iii) above;

B.    That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

C.    That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and permitting destruction of all counterfeit and infringing products bearing the Neuriva Trademark or that otherwise infringe Reckitt's IP, and any related materials, including business records and materials used to reproduce any infringing products, in Defendants' possession or under their control;

D.    That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

E.    That the Court enter an order requiring Defendants to pay all general, special, and actual damages which Reckitt has sustained, or will sustain, as a consequence of Defendants' unlawful acts, plus Defendants' profits from the unlawful conduct described herein, together with its statutory damages, and that such damages be enhanced, doubled, or trebled as provided

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 29

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law, and that Amazon's

damages, plus Defendants' profits, related to Defendants' activities involving the sale of

counterfeit products be enhanced, doubled, or trebled as provided by 15 U.S.C. § 1117, RCW

19.86.020, or otherwise allowed by law;

F.      That the Court enter an order requiring Defendants to pay the maximum amount

of prejudgment interest authorized by law;

G.      That the Court enter an order requiring Defendants to pay the costs of this action

and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by

15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

H.      That the Court enter an order requiring that identified financial institutions

restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting

activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment

in this case; and

I.      That the Court grant Plaintiffs such other, further, and additional relief as the

Court deems just and equitable.


        DATED this 28th day of February, 2025.

                                    DAVIS WRIGHT TREMAINE LLP
                                    *Attorneys for Plaintiffs*


                                    *s/ Scott Commerson*
                                    Scott Commerson, WSBA #58085
                                    350 South Grand Avenue, 27th Floor
                                    Los Angeles, CA 90071-3460
                                    Tel: (213) 633-6800
                                    Fax: (213) 633-6899
                                    Email: scottcommerson@dwt.com

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax