UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, AMAZON.COM SERVICES LLC, RB HEALTH (US) LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SEHRISH GUL, MUHAMMAD REHBAR, PRASENJIT GOPE, IKHTISHAM UL HAQ, RIDA ARIF, ZAHID UR REHMAN, ZAMRUD KHAN, ADNAN FARAZ, ONTHEGO GOPECH LLC, KHATEEN LLC, PR-ECOMMERCE LLC, RZGLOBE LLC, A SHOPPINGEMBASSY LLC, SKYTWILIGHT LLC, DOES 1-10,<br><br>Defendants. | CASE NO. 2:25-cv-00371-KKE-BAT<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE** |

This matter is before the Court on Plaintiffs' December 4, 2025 motion for alternative service on certain Defendants, Dkt. 23, which was referred to the undersigned on December 10, 2025. For the reasons that follow, the Court **DENIES** the motion without prejudice and **ORDERS** Plaintiffs by April 6, 2026 to show proof of service, submit a new motion for alternative service, or show cause why these Defendants should not be dismissed.

ORDER DENYING WITHOUT PREJUDICE
PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE - 1

**DISCUSSION**

Plaintiffs Amazon and RB Health sue Defendants for allegedly selling counterfeit health supplements on Amazon.com branded as "Neuriva" products, which is Plaintiff RB Health's brand. Dkt. 23 at 2. Plaintiffs allege claims for trademark counterfeiting, trademark infringement, and false designation of origin under the Lanham Act, violations of the Washington Consumer Protection Act, and breach of contract. *Id.* Plaintiffs allege that Defendants Sehrish Gul and Muhammad Rehbar (the "Recruiting Defendants") hired Defendants Prasenjit Gope, Ikhtisham Ul Haq, Rida Arif, Zahid Ur Rehman, Zamrud Khan, and Adnan Faraz (the "Registration Defendants") to create LLCs and register Amazon selling accounts associated with those LLCs, and that Gul and Rehbar then took over control of the selling accounts from the Registration Defendants and used them to sell counterfeit Neuriva-branded products. *Id.*

Plaintiffs now seek to serve Defendants by email. They claim they have not been able to uncover valid physical addresses for Defendants despite diligent efforts, and that the email addresses are active and reasonably calculated to provide actual notice to Defendants. They propose to serve most of the Defendants (Rehbar, Gope, Ul Haq, Arif, Ur Rehman, and Khan) at the email addresses registered with the Amazon selling accounts, and two of the Defendants (Gul and Faraz) at what they believe to be Faraz's personal Gmail address. *Id.* at 3. Plaintiffs encountered the Gmail address in a communication intercepted during their investigation, in which Defendant Gul offered to sell the inventory of allegedly counterfeit goods to another Amazon seller. *Id.*

Proper service requires satisfying both Fed. R. Civ. P. 4 and constitutional due process requirements. *See generally Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). First, the Court considers whether Plaintiffs have satisfied the requirements of Rule

4(f). The Rule permits service of process by (1) internationally agreed methods such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, in accordance with the foreign country's law; or (3) by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). Any of the three options is permissible; the Rule does not create a hierarchy of preferred methods of service. In other words, under Rule 4(f)(3), the Court may order service by any means not prohibited by international agreement and consistent with due process. *Rio Props.*, 284 F.3d at 1014–15.

Here, email service is not prohibited by international agreement, so Plaintiffs have satisfied Rule 4(f). Though Pakistan and India (Defendants' alleged countries of residence) are both signatories to the Hague Convention, the Convention does not apply where "the address of the person to be served with the document is not known." Hague Convention, arts. 1, 157; *see Amazon.com, Inc. v. Bamb Awns*, 2023 WL 2837076, at *2 (W.D. Wash. Apr. 7, 2023). Defendants' addresses are unknown despite Plaintiffs' diligent efforts to discover them. Plaintiffs have unsuccessfully investigated the physical addresses Defendants provided to Amazon as well as addresses registered under Defendants' financial accounts with virtual payment service provider Payoneer. And, whether or not the Hague Convention applies, several courts have concluded that the Rule authorizes email service on individuals in India and Pakistan. *See* Dkt. 23 at 7–8 (citing cases).

The Court next considers whether the requirements of constitutional due process have been satisfied—that is, whether it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Plaintiffs argue that service to the email addresses used to register the Amazon selling accounts is reasonably calculated to provide actual notice because the email addresses "are the primary means of communication from Amazon to Defendants in connection with five of the selling accounts." Dkt. 23 at 9. Plaintiffs also sent test emails to each address on November 26, 2025, that did not bounce back, indicating that the addresses themselves are active. *Id.* at 4.

On the facts provided, the Court cannot conclude email service is reasonably calculated to provide notice to Defendants. Plaintiffs say Amazon used the email addresses to communicate with Defendants, but do not say Defendants have used them to communicate with Amazon or with anyone else. Plaintiffs present no facts suggesting that Defendants have ever sent Plaintiffs or anyone else an email using these addresses. Plaintiffs also claim that Amazon blocked Defendants' selling accounts, but provide no facts indicating whether Defendants have continued to use the email addresses for commercial or personal use after the selling accounts were blocked. Indeed, if Plaintiffs are correct that Defendants engaged in unlawful activity, there is some reason to believe Defendants might have created temporary email addresses to further their unlawful activity and abandoned them after the associated Amazon selling accounts were blocked. After all, the postal addresses Defendants provided to Amazon have proven to be partial or invalid addresses. Dkt. 23 at 4. In short, Plaintiffs' evidence shows that Amazon sent emails to the registered addresses, and that the addresses are not defunct, but it does not show or imply that Defendants actively monitor or use the addresses today.

Plaintiffs' proposed method of reaching the Recruiting Defendants, Gul and Rehbar, is also questionable. The registered emails associated with the selling accounts match the names of the Registration Defendants (e.g. Rida Arif's address is ridaarif028@gmail.com). However, probably due to Gul and Rehbar's alleged role in the scheme, there are no email addresses

matching their names. Plaintiffs propose to reach these two Defendants by blanket email to the registered emails associated with the selling accounts. They also propose to serve Gul by email to the address believed to be Faraz's personal Gmail. The assumption is presumably that Gul and Rehbar will receive notice of the lawsuit via their continued monitoring of these email addresses or indirectly via the other Defendants, but Plaintiffs do not state why this assumption is reasonable. The motion states that, because Gul and Rehman directed the other defendants to share control of the selling accounts, both the Registration Defendants and the Recruiting Defendants used the registered email addresses. *Id.* But that does not necessarily follow; the Registration Defendants could have monitored their email and passed information to the Recruiting Defendants. Plaintiffs do not show that both the Registration Defendants and the Recruiting Defendants actually had access to and monitored the email addresses in question.

Plaintiffs also would like to serve Gul and Faraz at the Gmail address uncovered for Faraz, which Gul included in a communication to another Amazon seller when preparing to sell the remaining inventory. *Id.* at 4. However, Plaintiffs do not provide any details about the communication and do not state when it was sent or any reason to believe the address may still be monitored or in active use.

Plaintiffs argue that courts recognize that email service can be the "preferred method of reaching the defendant" where defendants have made email their preferred means of contact, and cite to *Rio Properties*, 284 F.3d at 1016–18. But in *Rio Properties*, there was one email address associated with the defendant, and the investigator had learned that the defendant preferred to receive business communication at that address. Here, no facts show Defendants have structured their businesses to receive business email at these email addresses or that they prefer communication at those addresses. Plaintiffs claim that "Defendants used email as one of their

primary methods to facilitate their counterfeit sales." Dkt. 23 at 3. But the facts show only that Defendants used email addresses to register their Amazon selling accounts, which is not the same as using email as a primary method to facilitate sales.

Finally, Plaintiffs mention that Defendants are already on notice of the lawsuit because Plaintiffs have served the LLCs Defendants created for the Amazon selling accounts. *Id.* at 6. But service on the LLC does not necessarily compel the conclusion that the individual Defendants have received notice, particularly as Plaintiffs allege that the LLCs were created in order to register Amazon selling accounts, and the Amazon accounts have now been blocked. *Id.* at 2.

Plaintiffs have thus failed to meet their burden to demonstrate that email service will likely provide Defendants with notice of this lawsuit. The Court DENIES the motion for alternative service. Plaintiffs may renew their motion with additional evidence demonstrating that service by email is reasonably calculated to provide notice to Defendants of this action. The Court ORDERS Plaintiffs by April 6, 2026, to show proof of service on Defendants, submit a new motion for alternative service, or show cause why these Defendants should not be dismissed.

DATED this 6th day of January, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge